UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RICHARD A. FIORA,

        Plaintiff,
vs.

GREEN TREE SERVICING, LLC,

        Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, RICHARD A. FIORA, by and through undersigned counsel, and brings this action against the Defendant, GREEN TREE SERVICING, LLC ("GREEN TREE"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. Part 1024, RESPA's respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendant's failure to comply with Section 2605(k) of RESPA, Section 1024.35 and 1024.36 of Regulation X, and 1026.36 of Regulation Z.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, GREEN TREE was and is a foreign Limited Liability Corporation, incorporated under the laws of the State of Delaware and lists its registered agent as CT Corporation System at 1200 S. Pine Island Road, Plantation, FL 33324.

8. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owned the subject property, which was Plaintiff's primary residence, in Broward County.

9. At some point in time prior to the violations alleged herein, GREEN TREE was hired to service the subject loan.

10. At all times material hereto, GREEN TREE, is and was a loan servicer as the term is defined in 12 U.S.C. §2605(i)(2) and 12 C.F.R. Part 1024.2(b), that services the loan obligation owned by FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at 107 Yacht Club Way, Unit 107, Lake Worth, Florida 33462.

11. Plaintiff's residence is a residential structure containing one to four family

*TL-9113*

housing units.

12. The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x).

13. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and 12 C.F.R. Part 1024.2(b).

## BACKGROUND AND GENERAL ALLEGATIONS

14. On or about February 9, 2004, Mr. Fiora executed and delivered a Promissory Note [hereinafter referred to as the "Note" or the "Loan"], in favor of AMERICA'S WHOLESALE LENDER.

15. At some point in time thereafter, said Note was sold or otherwise voluntarily assigned to Fannie Mae.

16. Mr. Fiora sought to pay off his Loan in full so he requested a payoff statement from Green Tree.

17. On or about November 18, 2013, GREEN TREE sent Mr. Fiora a payoff statement with respect to the subject Loan. The payoff balance listed was $109,742.68.

18. On or about November 22, 2013, Mr. Fiora paid off the entire remaining balance of the Loan by wire transfer to GREEN TREE in the amount of $109,742.68.

19. Mr. Fiora was content in the knowledge that his Loan had been completely paid off and that he would no longer have to deal with FANNIE MAE or GREEN TREE.

20. However, on or about January 9, 2014, Mr. Fiora was served with foreclosure papers filed by GREEN TREE on December 6, 2013, in the Circuit Court in and for Broward County, Florida, bearing Case No. CACE13026506 (the "Foreclosure").

21. Mr. Fiora was at a complete loss as to why the Foreclosure was filed against him,

TL-9113

considering he had paid off his loan in full, and he retained Loan Lawyers, LLC, with respect to his mortgage matters.

22. Mr. Fiora had no choice but to retain the undersigned to defend the foreclosure.

23. Further, Mr. Fiora's credit was significantly impacted by the illegitimate foreclosure and caused him great distress and caused him financial loss.

24. In an effort to protection their client's rights and to get to the bottom of why the foreclosure was filed, on or about January 16, 2014, Loan Lawyers—on behalf of Plaintiff—mailed to GREEN TREE a written notice of error and request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). GREEN TREE received Plaintiff's RFI on or about January 20, 2014.

25. A true and correct copy of same is attached as Exhibit "A".

26. Plaintiff's RFI asked GREEN TREE to: (1) dismiss the foreclosure immediately; (2) explain why GREEN TREE pursued a foreclosure action against Mr. Fiora after the Loan had been paid off in full; (3) correct the reporting made to the credit reporting agencies; (4) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement"); and (5) explain cewrtain charges added to the payoff statement.

27. GREEN TREE was obligated to provide an accurate payoff statement within seven (7) business days of receipt of Plaintiff's RFI, pursuant to 15 U.S.C. 1639(g) and 12 C.F.R. Part 1026.36(c)(3).

28. Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a

TL-9113

> reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

12 C.F.R. Part 1026.36(c)(3)

29. GREEN TREE was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days and to provide a written response to Plaintiff's notice of error and information requests within thirty (30) business days. *See* 12 C.F.R. Part 1024.36(c); 12 C.F.R. Part 1024.35(d); 12 C.F.R. Part 1024.36(d)(2)(i)(B); 12 C.F.R. Part 1024.35(e)(3)(i)(C);

30. On or around February 13, 2014, GREEN TREE sent a written acknowledgement of Plaintiff's RFI. A true and correct copy of same is attached hereto as Exhibit "B".

31. However, said acknowledgement was sent beyond five (5) business days contrary to Section 1024.35(d) and Section 1024.36(c) of Regulation X.

32. Moreover, said acknowledgment stated, "You can expect to received the written response within sixty (60) business days from the date we received your correspondence." *See* Exhibit "B".

33. Per Regulation X, a response must be submitted within thirty (30) business days of receipt of a request.

34. To date, GREEN TREE has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. Part 1024.35(d)(3)(i)(C) and 12 C.F.R. Part 1024.36(d)(2)(i)(B).

35. To date, GREEN TREE has failed or refused to provide an accurate payoff statement within seven (7) business days after receiving a request, contrary to 12 C.F.R. Part 1026.36(c)(3).

### COUNT I – VIOLATION OF 12 U.S.C. §2605(k)

36. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 35.

TL-9113

37. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. §2605(k)(emphasis added)

38. Sections 1024.35 (Notice of Error) and 1024.46 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively);

39. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. §2617.

40. GREEN TREE has failed to or refused to comply with 12 C.F.R. Part 1026.36(c)(3) in that GREEN TREE did not provide an accurate payoff statement within seven

*TL-9113*

(7) days after receiving a written request.

41.     GREEN TREE has also failed to comply and 12 C.F.R. Part 1024.35(d) and 12 C.F.R. Part 1024.35(e)(3)(i)(C) in that GREEN TREE did not provide a written acknowledgment or response to a notice of error asserted under 12 C.F.R. 1024.35(b) within the required timeframe.

42.     As such, GREEN TREE has violated 12 U.S.C. §2605(k)(1)(C) and (E).

43.     GREEN TREE has failed to or refused to comply with 12 C.F.R. Part 1024.36(c) and 12 C.F.R. Part 1024.36(d)(2)(i)(B) in that GREEN TREE did not provide a written acknowledgement or response to a request for information within the required timeframe.

44.     As such, GREEN TREE has violated 12 U.S.C. §2605(k)(1)(E).

45.     Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

46.     Plaintiff is entitled to actual damages as a result of Defendant, GREEN TREE's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. §2605(f)(1)(A).

47.     Plaintiff is entitled to statutory damages in the amount of $2000.00, pursuant to 12 U.S.C. §2605(f)(1)(B), as a result of GREEN TREE's pattern or practice of noncompliance with Regulation X and RESPA.

48.     In this case alone, GREEN TREE has violated six (6) separate provisions of Regulation X and RESPA.

49.     Moreover, Plaintiff's counsel can demonstrate numerous correspondences sent to GREEN TREE, relating to other clients under the applicable statutes, in which GREEN TREE failed to acknowledge or respond as required by law.

50.     Plaintiff is entitled to the costs of this action, together with a reasonable attorney's

*TL-9113*

fee as determined by the court, pursuant to 12 U.S.C. §2605(f)(3).

**WHEREFORE**, the Plaintiff, RICHARD A. FIORA, demand judgment against the Defendant, GREEN TREE for damages together with interest, costs, and attorney's fees pursuant to 12 U.S.C. §2605(f), and any and all further relief as this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, RICHARD A. FIORA, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Yechezkel Rodal
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:  (954) 523-4357
Facsimile:  (954) 581-2786

*TL-9113*