UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-CV-61755-WJZ

RICHARD A. FIORA,

        Plaintiff,

vs.

GREEN TREE SERVICING, LLC,

        Defendant.
_____/

**RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY TRIAL DEMAND AND INCORPORATED MEMOMORANDUM OF LAW**

Seeking to revive the dead, Green Tree[1] defies the most basics tenets of contract law and now attempts to enforce a mortgage that is no longer in existence and that was paid in full by Mr. Fiora before the alleged violations even occurred. Simply stated, at the time Mr. Fiora's cause of action accrued, he had fully paid off his mortgage note and Green Tree *had already recorded a satisfaction of mortgage*. Thus, there plainly is no jury waiver to enforce.

Plaintiff, RICHARD A. FIORA, hereby responds to Green Tree's Motion to Strike Plaintiff's Jury Trial Demand [ECF No. 45] and respectfully requests this Honorable Court enter an Order denying the relief sought by Defendant. In support of his Motion, Plaintiff submits the incorporated memorandum of law.

**I. INTRODUCTION AND BACKGROUND**

The action before this Court arose from Green Tree's failure to comply with the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"). Specifically, Plaintiff seeks the remedies as provided in RESPA for Green Tree's failure to timely acknowledge receipt and

---

[1] "Green Tree" means Defendant, Green Tree Servicing, LLC.

respond to a notice of error under 12 C.F.R. § 1024.35 and a request for information under 12 C.F.R. § 1024.36.[2]

"On or about November 22, 2013, Mr. Fiora paid off the entire remaining balance of the Loan by wire transfer to GREEN TREE in the amount of $109,742.68." [ECF. No. 21, ¶ 26]. Green Tree admits that it "received sums sufficient to satisfy Plaintiff's outstanding loan balance". [ECF No. 41, ¶ 26]. Notwithstanding, "on or about January 29, 2014, Mr. Fiora was served with foreclosure papers filed by GREEN TREE on December 5, 2013." [ECF No. 21, ¶ 40]. Then on "February 14, 2014, GREEN TREE recorded a Satisfaction of Mortgage with regards to Mr. Fiora's mortgage." [Id. at ¶ 57]; *See* [ECF No. 21-4].

In his Amended Complaint, Plaintiff alleges that Green Tree was the servicer of the subject loan, and that "on or about January 16, 2014, Plaintiff mailed to GREEN TREE a written notice of error and request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI")." [ECF No. 21, ¶ 44](hereinafter "Am. Comp."). Although obligated to do so in accordance with Federal statutes, Plaintiff alleges that "GREEN TREE has failed to comply and 12 C.F.R. Part 1024.35(d) and 12 C.F.R. Part 1024.35(e) in that GREEN TREE did not provide a written acknowledgment or response to a notice of error asserted under 12 C.F.R. 1024.35(b) within the required timeframe" and "GREEN TREE has failed to or refused to comply with 12 C.F.R. Part 1024.36(c) and 12 C.F.R. Part 1024.36(d)(2)(i)(B) in that GREEN TREE did not provide a written acknowledgement or response to a request for information within the required timeframe." [Id. at ¶¶ 64, 66].

Defendant moves to strike the jury trial demand on the grounds that Plaintiff "expressly agreed to waive his right to a jury trial when he entered into the Mortgage." [ECF No. 45 at 2].

---

[2] The Court dismissed all three state law claims for lack of supplemental jurisdiction. *See* [ECF No. 38].

For the purposes of this motion only, Plaintiff concedes that he waived his right to a jury trial in the subject mortgage. However, all of Plaintiff's claims arose *after* the loan was paid off, meaning the contract was fully performed. Once the Satisfaction of Mortgage was recorded on February 14, 2014, the mortgage had extinguished. *See* Biggs v. Smith, 134 Fla. 569, 573, 184 So. 106, 107 (1938)("[T]he cancellation of a mortgage and a discharge of record, unless effected through fraud, accident or mistake, is usually considered to be an absolute bar and extinguishment of the mortgage.") Thus, Green Tree, the very entity which filed the Satisfaction of Mortgage, should be barred from reviving the Mortgage to enforce the jury trial waiver contained therein.

## II. MEMORANDUM OF LAW

The right to a jury trial has been recognized as "a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment." Jacob v. City of New York, 315 U.S. 752, 752, (1942). "A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts." Id. Moreover, "[t]he trial by jury is justly dear to the American people. It has always been an object of deep interest and solicitude, and every encroachment upon it has been watched with great jealousy." Chauffeurs, Teamsters and Helpers, Local, No. 391 v. Terry, 494 U.S. 558, 581, 110 (1990) (quoting Parsons v. Bedford, Breedlove and Robeson, 28 U.S. (3 Pet.) 433, 7 L.Ed. 732 (1830)).

The Eleventh Circuit has instructed that waivers of valid jury demands are not to be lightly inferred and should be scrutinized with utmost care. Haynes v. W.C. Caye & Co., Inc., 52 F.3d 928, 930 (11th Cir. 1995). There is a strong preference within the federal courts for permitting jury trials. Denial of a jury trial is subject to the "most exacting scrutiny." Morgantown, W.VA. v. Royal Ins. Co., 337 U.S. 254, 258, (1949); Fed. R. Civ. P. 38. A party may waive its right to a jury trial as long as the waiver is knowing and voluntary. Bakrac, Inc. v. Villager Franchise Systems,

3

Inc., 164 Fed. Appx. 820, 823 (11th Cir. 2006). A contract cannot waive the constitutional right to a trial by jury unless the parties knowingly, voluntarily, and intelligently waive their rights. Allyn, 347 F. Supp. 2d at 1252.

### A. The Satisfaction of Mortgage extinguishes the Mortgage.

The Satisfaction of Mortgage was executed on February 12, 2014 and recorded on February 14, 2014. [ECF No. 21-4]. The fact of the matter is that the loan had been paid in full in November 2013 and thus, Mr. Fiora had fulfilled his side of the contract. The Parties have already stipulated in their Pretrial Stipulation that it is uncontested that Green Tree received Plaintiff's RFI in January 20, 2015. [ECF No. 44 at §5(f)]. Pursuant to 12 C.F.R. 1024.35(e)(3)(i)(C) and 12 C.F.R. 1024.36(d)(2)(i)(B), Green Tree was required to respond within 30 business days or no later than March 4, 2015. In other words, Mr. Fiora's cause of action under RESPA did not arise until March 4, 2015 at the earliest, 3 weeks after *Green Tree has executed a satisfaction of Mr. Fiora's mortgage*. There simply is no jury waiver to enforce after February 14, 2014 at the latest.

This Court should not enforce the waiver in this case in favor of Green Tree because the contract was fully performed upon the payoff of the loan and because on February 14, 2014, Green Tree "recorded a Satisfaction of Mortgage with regards to Mr. Fiora's mortgage." [Am. Comp., ¶ 59]; [*See* ECF No. 21-4]. The Satisfaction of Mortgage specifically states that Green Tree "Hereby acknowledges full payment and satisfaction of said note and Mortgage Deed, and surrenders the same as canceled, and hereby directs the Clerk of the said Circuit Court to cancel the same of record." [ECF No. 21-4]. Now faced with litigation, Green Tree is attempting to "revive" a provision of a fully performed contract which it has already publicly deemed "surrendered" and "canceled". This is impermissible.

Green Tree cites to various cases outside the Southern District of Florida in an attempt to support its position that the jury trial waiver survives the satisfaction of the Loan. However, none

of the cases stand for that proposition. The principal case Green Tree uses, In re Phillips Grp., Inc., dealt with the preservation of a mortgage term post-judgment – *not* post-satisfaction of mortgage and it was *not* a jury trial waiver, but rather, a "release" of "any errors or defects in proceedings to enforce this Security Instrument". In re Phillips Grp., Inc., 382 B.R. 876, 881 (W.D. Penn. 2008). This is completely inapposite to the present matter. First, in In re Phillips Grp, Inc. there had not been a recording of a Satisfaction of Mortgage at the time the action was brought. Thus, the mortgage had not been canceled per the public records. Second, the term being enforced in In re Phillips Grp., Inc., as mentioned, was not a jury trial waiver. The court in that case determined that the parties intended for the "release" provision to survive post-judgment, not post satisfaction of mortgage. There is no indication with respect to the present matter that the parties intended for the jury trial waiver to survive a cancellation of the mortgage and full performance of the contract. In re Phillips Grp., Inc. has absolutely no relation to the present matter. In fact, none of the cases Green Tree cites, supports that proposition that a jury trial waiver clause survives a *cancelation* of the mortgage. At best, the cases support the proposition that certain mortgage terms can survive post-judgment, but before the mortgage is canceled. This distinction is crucial because until the Satisfaction of Mortgage is recorded, the mortgage merges into the final judgment but for any provisions the parties intended to survive the final judgment. *See* In re Phillips Grp., Inc. 382 B.R. at 881. A final judgment is not the last straw in a foreclosure proceeding because the mortgagor retains a right of redemption period up until the "filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure…" Fla. Stat. § 45.0315. Contrary, full performance of the mortgage loan, i.e. full payment, followed by the Satisfaction of Mortgage, terminates the contract and the lien on the collateral. Green Tree is comparing apples to oranges in an attempt to convince this Court, through irrelevant case law, that survival of a mortgage term post-judgment (and not even a jury trial waiver) is similar to survival post

5

satisfaction of a mortgage.

To allow a party to fully performed contract to unilaterally revive same, would be against the fundamental principles of equity and Florida common law. In fact, paragraph 23 of the mortgage titled "Release" states: "Upon payment of all sums secured by the Security Instrument, Lender shall release this Security Instrument." [ECF No. 45-1]. Plaintiff paid all sums secured by the mortgage and Green Tree subsequently released the mortgage through the Satisfaction of Mortgage. At the time the mortgage debt was satisfied, the mortgage had extinguished. *See* Lisbon Holding & Inv. Co. v. Vill. Apartments, Inc., 237 So. 2d 197, 198 (Fla. 3d DCA 1970)("It is uniformly held that a mortgage lien is not extinguished until the mortgage debt is actually satisfied").

Nothing contained in the Mortgage suggests that any provisions contained therein may survive after the contract is satisfied. Such a peculiar provision would surely frustrate the meaning of the rudimentary term "satisfaction" and be at odds with Fla Stat. § 701.04(2), which states in part:

> Whenever the amount of money due on any mortgage, lien, or judgment has been fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom the payment was made, shall execute in writing an instrument acknowledging satisfaction of the mortgage, lien, or judgment and have the instrument acknowledged, or proven, and duly entered in the official records of the proper county.

The effect of a Satisfaction of Mortgage would be utterly meaningless if the party who accepts full performance of the loan and who subsequently records a satisfaction of mortgage acknowledging same may unilaterally enforce a provision of the "canceled" mortgage. What makes the jury trial waiver provision any different than any other provision? Who is to say that Green Tree will not again demand full payment of the loan despite already acknowledging it has been paid off?

In order for Green Tree to enforce the jury waiver provision of the canceled mortgage,

6

Green Tree would have to "cancel" the satisfaction. In Florida, this burden is quite high. "This Court has long since recognized that a satisfaction of a mortgage procured by fraud or made through mistake may be cancelled…" United Serv. Corp. v. Vi-An Const. Corp., 77 So. 2d 800, 803 (Fla. 1955). Here, there was no fraud or mistake. Green Tree filed the Satisfaction of Mortgage, albeit untimely, after receiving full payment of the loan. Based on the plain meaning of the Satisfaction of Mortgage, Green Tree voluntarily "acknowledge[d] full payment and satisfaction of said note and Mortgage Deed." [ECF No. 21-4]. It would be inequitable to allow Green Tree to apply the jury trial waiver provision of a contract that no longer exists.

### B. Plaintiff's claims arose after the loan was paid off.

If the Court is not persuaded that Green Tree cannot enforce the jury trial waiver of a canceled mortgage, it still must be determined whether Plaintiff's claims arise out of or related to the Mortgage or the Note, as indicated in the jury trial waiver. For the following reasons, Plaintiff respectfully asks this Court to determine that Plaintiff's claims have no relation to the Mortgage or Note because they arose after Plaintiff paid off the loan in full. In fact, Green Tree's substantive defense in this matter is that it was not required to respond to Plaintiff's RFI because the loan was already paid off. [ECF No. 45, §8(Defendant)(a)]. Moreover, Green Tree's motion to dismiss was premised on this very point. [ECF No. 25 at 13].

Green Tree argues that Plaintiff's "demands" in the request for information and notice of error relate to the enforcement of the mortgage and payment under the note. *See* [ECF No. 45 at 6]. But, those "demands" are not must what relate to the mortgage or note, it is the "action, proceeding, claim, or counterclaim" which must arise out of or relate to the mortgage or note. The action is predicated on Green Tree's failure to comply with RESPA and is not based on the mortgage or note itself. Additionally, Plaintiff claim arose *after* the loan was already paid off and thus has no relation to the mortgage or note itself. There was no conflict regarding the mortgage

or note as Green Tree conceded that Plaintiff paid off the loan. *See* [ECF No. 41, ¶ 26]. The lawsuit arose after Green Tree failed to comply with its statutory duties under 12 C.F.R. § 1024.35 and § 1024.36. There is no dispute regarding the mortgage or the loan. The dispute is over RESPA and whether Green Tree complied with same. For these reasons, Plaintiff respectfully asks this Court to reject Green Tree's argument that Plaintiff's claims related to the mortgage.

## CONCLUSION

For the reasons discussed above, Plaintiff, RICHARD A. FIORA, respectfully requests this Honorable Court deny Defendant's Motion to Strike Jury Demand, or in the alternative, try this case with an advisory jury, and grant such other relief as is just and proper.

        Respectfully submitted,

        LOAN LAWYERS, LLC
        *Attorneys for Plaintiff*

By:    /s/*Aaron Silvers*
        Aaron Silvers, Esq.
        Florida Bar Number: 104811
        Yechezkel Rodal, Esq.
        Florida Bar Number: 91210

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on October 20, 2015 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

George N. Andrews, Esq.
Shutts & Bowen LLP
PNC Center, Suite 2100
200 East Broward Blvd.
Fort Lauderdale, FL 33301
Counsel for Defendant
Service by CM/ECF

                      LOAN LAWYERS, LLC
                      *Attorneys for Plaintiff*
                      2150 S. Andrews Ave., 2nd Floor
                      Fort Lauderdale, FL 33316
                      Telephone:   (954) 523-4357
                      Facsimile:   (954) 581-2786

                      /s/Aaron Silvers_____
                      AARON SILVERS, ESQ.
                      FBN 104811
                      E-Mail: asilvers@floridaloanlawyers.com